UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALPHONSO SMITH,

   *Plaintiff*,

  v.

INTERNATIONAL ASSOCIATION OF
SHEET MEETAL, AIR, RAIL AND
TRANSPORTATION WORKERS,

   *Defendant*.

Civil Action No. 1:24-cv-1443 (CJN)

## ORDER

  Pro se plaintiff Alphonso Smith sued his former employer, the International Association of Sheet Metal, Air, Rail and Transportation Workers (SMART), alleging that it violated his rights under his collective bargaining agreement, the FMLA, the ADA, and Title VII by (1) refusing his request to use paid sick leave; (2) denying him reasonable accommodations for his depression and dairy allergy; (3) discriminating against him based on race; (4) subjecting him to workplace harassment; and (5) terminating him for "blowing the whistle on discriminatory practices." *See* ECF No. 1 at 3-5–10.  SMART moved to dismiss under Rules 12(b)(1) and 12(b)(6), arguing that some of Smith's allegations were not exhausted before the EEOC and the remainder failed to state claims.  *See* ECF No. 3 at 1–3.

  After nearly a month had elapsed and Smith still had not opposed SMART's motion, the Court entered a *Fox* order advising Smith of the consequences of failing to respond and directing him to do so within the next 25 days.  *See* ECF No. 5; *see also Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam).  On the date the Court had set as the deadline for Smith's opposition

1

filing, Smith moved for an extension of time, explaining that he "d[id] not have legal representation and [was] in the process of researching and seeking resources on how to properly respond to this motion." ECF No. 6 ¶ 2. The Court granted Smith's extension motion over SMART's objection, ordering Smith to respond to SMART's motion to dismiss within a month of the Court's earlier deadline—and almost three months after SMART's motion was first docketed. *See* ECF No. 7; Minute Order of July 18, 2024.

Smith did not file anything by the Court's (further) extended deadline, nor did he seek an additional extension of time. Indeed, the Court has not received any more communications from Smith to date; his last communication in this matter, the motion for extension of time, came on July 15, 2024. *See* ECF No. 6.

"[I]n view of the entire procedural history of the case," the Court finds that Smith "has not manifested reasonable diligence in pursuing" his claims. *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985). The Court will accordingly dismiss Smith's case under Rule 41(b) for failure to prosecute.[1] *Id.*; *see also Peterson v. Archstone Communities LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) ("District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute . . . ."). In keeping with the "default rule" in this court, the Rule 41(b) dismissal shall be without prejudice. *Robinson v. Hemingway*, 2023 WL 8369934, at *2 (D.D.C. 2023) (citing Local Civil Rule 83.23).

---

[1] In its *Fox* order, the Court instructed Smith that, if he did not timely respond to SMART's motion to dismiss, the Court would "treat [it] as conceded." ECF No. 5 at 2. Local Civil Rule 7(b) expressly permits that step, and courts in this district "regularly" take it. *MacLeod v. United States Dep't of Homeland Sec.*, 2017 WL 4220398, at *9 (D.D.C. 2017). But "treating an unopposed motion to dismiss as conceded" is more "draconian" than dismissing for failure to prosecute, because the former "will often operate as an adverse adjudication of the dispute on the merits." *Robinson v. Hemingway*, 2023 WL 8369934, at *2 (D.D.C. 2023). In light of Smith's pro se status, the Court will dismiss under Rule 41(b) so as to "leave [him] in the same position as if th[is] action . . . were never filed." *Id.*

For the foregoing reasons, it is hereby

**ORDERED** that this case is **DISMISSED** without prejudice; and it is further

**ORDERED** that Defendant's motion to dismiss, ECF No. 3, is **DENIED** as **MOOT**.

This is a final and appealable Order.

The Clerk of Court is directed to terminate this case.

DATE:  February 6, 2025

CARL J. NICHOLS
United States District Judge